# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-836V

|  |  |
|---|---|
| CORINN DARBY, *as the personal representative of* JOHN R. DARBY, *her deceased husband*,<br><br>　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 25, 2024 |

*Curtis R. Webb, Curtis R. Webb Attorney at Law, Monmouth, OR, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

### DISMISSAL DECISION[1]

On July 9, 2020, Corinn Darby filed a Petition for compensation on behalf of her deceased husband, John R. Darby, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Mr. Darby suffered from Guillain-Barré syndrome ("GBS"), which led to his death by suicide, as a result of an influenza ("flu") vaccine he received on December 11, 2017.[3] Pet. at 1-2. Petitioner further alleges, however, that the onset of Mr. Darby's GBS did not occur until approximately February 13, 2018 (at the earliest) – more than two months after vaccination. *Id.* at 2.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Petitioner did not explicitly allege a Table GBS claim or that of causation-in-fact.

Following Respondent's informal assessment and a review of the record, Respondent filed a status report stating that this case is not appropriate for compensation and requesting to file a Rule 4(c) Report in defense of Petitioner's claim. ECF Nos. 22, 37. Respondent filed his Rule 4(c) Report on May 15, 2023. ECF No. 38. I subsequently issued an Order to Show Cause for Petitioner's failure to establish that the onset of Mr. Darby's GBS occurred within the 3-42 day period prescribed for a GBS Table claim. ECF No. 40. I also afforded Petitioner an opportunity to offer additional evidence to support reasonable onset for a non-Table claim. *Id.* at 7.

Petitioner submitted a response to my Order to Show Cause on December 20, 2023, stating that Petitioner has concluded that she will "not be able to demonstrate a proximate temporal relationship between [Mr.] Darby's [flu] vaccination and the onset of his GBS" (64 days post vaccination). ECF No. 42 at 1. Additionally, she has not found any caselaw determining that the onset of GBS "more than 60 days" post vaccination supported vaccine-related causation. *Id.* at 2. Petitioner thus agrees dismissal of the claim is appropriate.[4] *Id.* at 1, 4.

To receive compensation under the Program, Petitioner must prove either 1) that Mr. Darby suffered a "Table Injury" – *i.e.,* an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose preponderant evidence that Mr. Darby experienced the onset of his GBS within 3-42 days of his vaccination or a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Mr. Darby's alleged injury was vaccine-caused consistent with *Althen. See Althen v. Sec'y of Health and Hum. Servs.,* 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[5]

---

[4] Petitioner maintains she has established a reasonable basis for her claim. ECF No. 42 at 3-4. This Decision will not address such arguments.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
